IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAMELA POOLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | C.A. No. 4:09-cv-3341 |
| | § | (JURY DEMANDED) |
| CENTRAL CREDIT SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE U.S. DISTRICT JUDGE:

COME NOW, PAMELA POOLE (hereinafter referred to as Ms. Poole or the "Plaintiff"), Plaintiff in the above styled case and for cause of action against CENTRAL CREDIT SERVICES, INC. (hereinafter referred to as "CCS" or the "Defendant") and would show this Court as follows:

### **I. Parties**

1. The Plaintiff is an individual residing in Houston, Harris County, Texas.

2. Defendant Central Credit Services, Inc. is a Florida corporation authorized to do business and doing business in the State of Texas and may be served by serving its registered agent, CT Corporation System, at its registered address located at 350 North St. Paul Street, Dallas, Texas 75201.

1

## II.  Jurisdiction and Venue

3.  This Court has jurisdiction under 28 U.S.C. §1331 in that this civil action arises under the law of the United States, in particular under 15 U.S.C. §1692, et al.

4.  Defendant is also liable to the Plaintiff pursuant to the laws of the State of Texas, which claims may be brought under the supplemental and ancillary jurisdiction of this Court, 28 U.S.C. § 1367(a).

5.  This Court has venue under 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in Houston, Texas, which is a part of the Southern District of Texas, Houston Division.

6.  This Court has personal jurisdiction over the Defendant because the Defendant has established minimum contacts in the State of Texas.  The Defendant is authorized to operate in the State of Texas and in fact operates within the State of Texas.  The Defendant engaged in collection actions in the State of Texas including both telephone calls to Texas residents to collect debts and sending collection letters to Texas residents to collect debts.

## III.  Background Facts

7. The Plaintiff owned a vehicle that was repossessed by the creditor who financed her purchase of it, Regional Credit Corp.  After sale of the vehicle at auction, the creditor alleged that there was still a deficiency debt due under the vehicle retail installment contract.  The creditor assigned that alleged consumer

debt to CCS for collection.

8. CCS began a campaign of telephone calls and collection letters to the Plaintiff and her husband attempting to collect the debt. In the telephone calls, the Defendant represented to the Plaintiff that the debt was more than just an unsecured debt and carried with it contractual rights under which the creditor could force the Plaintiff to pay. The Defendant told the Plaintiff this was something known as "force placed payments". The Defendant represented to the Plaintiff that if she did not make immediately arrangement to pay the debt in full voluntarily, that the creditor would take its "only next step" of instituting "force placed payment". The Defendant went further to represent that this "force placed payment" would entail placing a lien against the Plaintiff's homestead. The Defendant said the lien would result in the creditor receiving the first money paid from a refinance of the Plaintiff's home mortgage or a sale of the Plaintiff's home. The Defendant represented that the creditor would receive the full amount of the debt plus interest through the date of payment of the lien. The Defendant also represented that the creditor would garnish the Plaintiff's wages and could receive up to 28% of the Plaintiff's pay.

9. In telling the Plaintiff that the creditor would be able to force her to pay, the Defendant's representative said, "they know they can get your money, so they're not gonna beg you to pay it to them" and "one way or another they're

going to get their money, it's just how do you want to do it to make it easier on yourself."

10. The Defendant represented that payment arrangements had to be made before the end of the following day to "keep it off the public record." The Defendant stated that if voluntary payment were not made by the following day, it would be reported to the Plaintiff's mortgage company and all of her creditors that "we're pursuing her legally and we're suing her for this balance." The Defendant told the Plaintiff that her creditors would flag her as a credit risk, as would any other lending institutions. Neither the Defendant nor its creditor/client Regional Credit had any intention of filing suit against the Defendant for the alleged deficiency debt.

### IV.  Causes of Action

#### A.  Violations of the FDCPA

11. The Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3). The Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

12. The Defendant falsely represented the legal status of the debt in violation of 15 U.S.C. § 1692e(2) by threatening that wage garnishment and the filing of liens was imminent when it was not.

13. The Defendant falsely represented, in violation of 15 U.S.C. § 1692e(4), that nonpayment of debt would result in the seizure, garnishment, attachment, or

4

sale of any property or wages when such action was not lawful and not intended.

14. The Defendant threatened to take action that could not legally be taken and was not intended to be taken in violation of 15 U.S.C. § 1692e(5).

15. The Defendant used false representations or deceptive means to collect or attempt to collect a debt from and to obtain information about the Plaintiff. In particular, the Defendant: (1) represented that if payment was not made immediately, there would be a lien filed against the Plaintiff's homestead and a wage garnishment order sent to the Plaintiff's employer to garnish her wages; (2) represented that if payment was not made immediately, the creditor would be suing the Plaintiff; (3) represented that if payment was not made immediately, it would be reported to the Plaintiff's mortgage company and creditors that she was being sued for the debt which would flag her as a credit risk; and (4) represented that the Plaintiff had only until the following day to make payment arrangements. This conduct constitutes a violation of 15 U.S.C. § 1692e(10).

16. The Defendant's conduct described above was the direct cause of actual damages to the Plaintiff for which she now sues.

17. As a result of the Defendant's violations, the Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. §1692k(a) for which she now sues.

18. The Plaintiff would further show this Court that recovery of the costs of

this action, including reasonable attorney's fees, are authorized, made, and provided under and according to the provisions of 15 U.S.C. §1692k(a)(3), and the Plaintiff seeks them in this action.

<u>B. Violations of the Texas Collection Practices Act</u>

19. Additionally and alternatively, the Defendant's actions constituted violations of the Texas Collection Practices Act.

20. The Plaintiff is a consumer as that term is defined by Tex. Fin. Code, § 392.001(1). The Defendant is a debt collector as that term is defined by Tex. Fin. Code, § 392.001(6).

21. The Defendant's violations of the Texas Collection Practices Act include the following:

   a. Representing that nonpayment of the debt would result in seizure, repossession or sale of the Plaintiff's property without proper court proceedings in violation of Tex. Fin. Code, § 392.301(7).
   b. Threatening to take an action prohibited by law in violation of Tex. Fin. Code, § 392.301(8).
   c. Misrepresenting the legal status of the alleged debt in violation of Tex. Fin. Code, § 392.304(a)(8).
   d. Representing falsely the status or nature of the services rendered by the debt collector or the debt collector's business in violation of Tex. Fin. Code, § 392.304(a)(14).
   e. Using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer in violation of Tex. Fin. Code § 392.304(a)(19).

22. As a direct and proximate result of the acts of the Defendant, the Plaintiff has suffered actual damages, which she now seeks.

23. In addition, the Plaintiff would further show this Court that recovery of reasonable attorney's fees are authorized, made, and provided under and according to the provisions of Tex. Fin. Code, § 392.403(b), and the Plaintiff seeks them in this action.

### C.  Texas Deceptive Trade Practices Act

24. Additionally and alternatively, the Defendant's actions, by violating the Texas Finance Code at § 392.001 *et seq.*, constitute violations of the Texas Deceptive Trade Practices Act, including but not limited to Subchapter E, Chapter 17 of the Tex. Bus. & Comm. Code pursuant to Tex. Fin. Code § 392.404.

25. As a direct and proximate result of the acts of the Defendant, the Plaintiff has been damaged, including, without limitation, economic and mental anguish damages.

26. The unlawful acts and practices described above were committed knowingly and/or intentionally by the Defendant.  Therefore, pursuant to the DTPA Section 17.50, the Plaintiff is entitled to an award of exemplary damages.

27. The Plaintiff has been forced to hire the attorneys whose names appear below to pursue those claims on its behalf.  The Plaintiff also seeks to recover her reasonable and necessary attorneys' fees pursuant to the Texas Deceptive Trade Practices Act.

## V.

## Jury Demand

28.  The Plaintiff demands a trial by jury on all issues.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, PAMELA POOLE, prays that Defendant, CENTRAL CREDIT SERVICES, INC., be cited to appear and answer, and that upon final trial of this matter that judgment be entered against the Defendant as follows:

1. Actual damages.
2. Exemplary, punitive and additional damages.
3. Statutory damages under 15 U.S.C. § 1692k not to exceed $1,000.00.
4. Costs of the action, including but not limited to reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k and to Tex. Fin. Code, § 392.403.
5. Prejudgment and post-judgment interest as allowed by law.
6. Costs of Court.
7. Such other and further relief that may be just and proper.

Respectfully submitted,

**WAUSON ♦ PROBUS**

By: ___/s/ Matthew B. Probus___
    **Matthew B. Probus**
    State Bar No. 16341200
    Fed. I.D. No. 10915

Comerica Bank Building
One Sugar Creek Center Blvd., Suite 880
Sugar Land, Texas 77478
(281) 242-0303
(281) 242-0306 (Facsimile)

*ATTORNEYS FOR PLAINTIFF,*
*PAMELA POOLE*